# EXHIBIT B

## INDEX TO STATE COURT FILE

| Tab | Document | File Date |
|-----|----------|-----------|
| 1 | Plaintiff's Original Petition | 08/02/2023 |
| 2 | Citation issued to QPWB | 08/03/2023 |
| 3 | Return of Service-Citation | 08/11/2023 |
| 4 | Defendant's Special Appearance and Answer Subject Thereto | 09/05/2023 |
| 5 | Notice of Scheduling Conference to Plaintiff's Counsel | 09/07/2023 |
| 6 | Notice of Scheduling Conference to Defendant's Counsel | 09/07/2023 |
| 7 | Notice of Scheduling Conference – File Copy | 09/07/2023 |

# EXHIBIT 1

FILED
8/2/2023 5:41 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Shunta Jackson DEPUTY

Case 3:23-cv-02023-D    Document 1-2    Filed 09/08/23    Page 4 of 34    PageID 13

DC-23-10684

CAUSE NO. _____

| | | |
|---|---|---|
| **PROMED, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | 162nd |
| | § | |
| **v.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **QUINTAIROS, PRIETO, WOOD &** | § | |
| **BOYER, P.A.,** | § | |
| | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff ProMED, LLC ("Plaintiff" or "ProMED") and files this its Original Petition alleging such causes of action against Defendant Quintairos, Prieto, Wood & Boyer, P.A. ("Defendant" or "Quintairos" herein) and would show unto the Court as follows:

### I.    DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.    RELIEF SOUGHT

2.    Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of over $1,000,000.

### III.    PARTIES

3.    Plaintiff ProMED, LLC is a limited liability company duly formed and existing under the laws of the State of Texas.

4.    Defendant, Quintairos, Prieto, Wood, & Boyer, P.A. is a professional association duly formed and existing under the laws of the State of Florida and citation may be served on CT Corporation System, its registered agent for service, at 1999 Bryan Street,

Suite 900, Dallas, Texas 75201. Plaintiff hereby requests service of process on Quintairos, Prieto, Wood & Boyer, P.A. via its registered agent.

## IV.    JURISDICTION AND VENUE

5.    This Court has jurisdiction over this case in that the damages sought are within the jurisdictional limits of this Court.

6.    Venue is proper in Dallas County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3), because Dallas County is the location of the Defendant's principal office in this state.  Venue in Dallas County, Texas, is likewise proper because all or a substantial part of the acts or omissions giving rise to Plaintiff's cause of action took place in Dallas County, Texas. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## V.    CONDITIONS PRECEDENT

7.    All conditions precedent to recovery have been performed, waived, or have occurred.

## VI.    FACTS

8.    On May 19, 2023, Plaintiff received, *inter alia*, the herein asserted breach of contract claim from Luxe Development, LLC ("Luxe") and Michelle Reulet ("Mrs. Reulet") through an Assignment of Claims.

9.    Luxe is a seller of personal protective equipment, including nitrile gloves. On June 17, 2020, based on representations from agents of Quintairos, Luxe entered into an Escrow Agreement, wherein Luxe agreed to use Quintairos as its escrow agent in connection with a purchase of nitrile gloves.

10.     The Agreement required Luxe to fund the escrow account with 50% of the purchase price for the nitrile gloves upfront and wire the remaining balance after receiving the goods, for a total payment of $950,000.00.

11.     The purpose of the Escrow Agreement was to facilitate the purchase of nitrile gloves, which were to be resold to other medical suppliers. Disbursal of funds out of the escrow account was not to occur without the written instructions of both parties to the Escrow Agreement, to ensure the gloves were produced and delivered to Luxe.

12.     In this Agreement, Quintairos covenanted to "[notify] Buyer, Seller, and Sellers that it intends to disburse the Escrowed Funds… unless the non-requesting party delivers a written objection to such requested disbursement within twelve (12) hours after receipt of said notice."

13.     In mid-June of 2020, Luxe wired $950,000.00 to the escrow account, per the Agreement.

14.     On July 31, 2020, Quintairos wired $95,000.00 out of the escrow account to T-R Construction Import Export. According to the sworn deposition of Allen Brenner, the corporate representative of Quintairos, Defendant released these funds without notifying Luxe Development or Michelle Reulet, in violation of the Agreement. Luxe Development and Michelle Reulet never instructed Quintairos to disburse these funds to T-R Construction Import Export.

15.     On August 19, 2020, Quintairos wired $348,750.00 out of the escrow account to T-R Construction Import Export. According to the Brenner Deposition, these funds were released without prior notification of Luxe Development or Michelle Reulet, in violation of the Agreement. Luxe Development and Michelle Reulet never instructed Quintairos to disburse these funds to T-R Construction Import Export.

16. On August 31, 2020, Quintairos wired $443,750.00 out of the escrow account to T-R Construction Import Export. According to the Brenner Deposition, these funds were released without prior notification of Luxe Development or Michelle Reulet, in violation of the Agreement. Luxe Development and Michelle Reulet never instructed Quintairos to disburse these funds to T-R Construction Import Export.

17. On February 26, 2021, Quintairos wired $4,750.00 out of the escrow account to pay itself for serving as the escrow agent, despite having not fulfilled the conditions of its contract with Luxe. According to the Brenner Deposition, these funds were released without prior notification of Luxe Development or Michelle Reulet. Luxe Development and Michelle Reulet never instructed Quintairos to disburse these funds.

18. On April 7, 2021 Quintairos wired the last of the escrowed funds, $57,750.00, to Advanced Healthcare Solutions, LLC. According to the Brenner Deposition, these funds were released without prior notification of Luxe Development or Michelle Reulet, in violation of the Agreement.

19. In total, Brenner admitted *over 30 times* in his deposition that Quintairos never notified Luxe Development or Michelle Reulet prior to the disbursal of any funds in escrow.

20. Luxe has never received the goods for which it used Quintairos to facilitate payment. Upon information and belief, ProVantage, the other party to the Escrow Agreement, told Quintairos to release the escrow funds without delivering any products to Luxe. Quintairos did not conduct any due diligence, wait for a bill of lading, or even inform Michelle Reulet or Luxe Development of these requests.

21. To date, neither Luxe nor Michelle Reulet have received the nitrile gloves subject to the escrow arrangement or any of the funds placed in escrow.

### VII.   CAUSES OF ACTION AGAINST QUINTAIROS, PRIETO, WOOD, & BOYER, P.A.

*Cause of Action 1: Breach Of Contract*

22.     Plaintiff repeats and realleges as if fully set forth herein the allegations set forth in all previous paragraphs.

23.     The Agreement is valid and enforceable.

24.     Luxe fully performed all conditions, covenants, and promises under the Agreement that it was obligated to perform per the Agreement's terms. Luxe paid a $950,000.00 deposit into Quintairos' escrow account, as called for by the Agreement.

25.     Quintairos has breached the terms of the Agreement by: (1) failing to notify Luxe prior to disbursing funds; (2) failing to receive written instructions from both Sellers and Buyer prior to disbursing funds; (3) disbursing funds after expressly being instructed not to do so by Luxe; (4) failing to keep Luxe's deposit in the escrow account; (5) disbursing the funds without notifying Luxe; and (6) refusing to return Luxe's deposit after failing to comply with the terms of the Agreement.

26.     Luxe has suffered monetary injury because Quintairos breached the Agreement, including, but not limited to, its deposit of $950,000 and lost profits.

### VIII.   ATTORNEYS' FEES

27.     Plaintiff is entitled to recover its attorneys' fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

### IX.   DAMAGES

28.     As a result of the above, Plaintiff has incurred, or will incur, the following damages.

   a)   Economic damages;

   b)   Restitution;

c)  Lost profits;

d)  Court costs; and

e)  Pre- and post-judgment interest on the damages owed by Defendant to Plaintiff.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff ProMED, LLC prays that Defendant Quintairos, Prieto, Wood, & Boyer, P.A. be cited to appear and answer herein, and that Plaintiff have a judgment against Defendant for actual damages, lost profits, costs, pre- and post-judgment interest, and attorneys' fees and for all other relief, at law or in equity, to which Plaintiff is entitled.

Date: August 2, 2023                        Respectfully submitted,

/s/ Israel R. Silvas
Israel R. Silvas
State Bar No. 24051338
ISilvas@dykema.com
Cliff P. Riley
State Bar No. 24094915
CRiley@dykema.com
**DYKEMA GOSSETT PLLC**
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 698-7812
Facsimile:  (214) 698-4200

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Keanna Wiggins on behalf of Israel Silvas
Bar No. 24051338
KWiggins@dykema.com
Envelope ID: 78152193
Filing Code Description: Original Petition
Filing Description:
Status as of 8/3/2023 9:53 AM CST

Associated Case Party: PROMED LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Israel Silvas | | isilvas@dykema.com | 8/2/2023 5:41:52 PM | SENT |
| Cliff PRiley | | criley@dykema.com | 8/2/2023 5:41:52 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Keanna Wiggins | | KWiggins@dykema.com | 8/2/2023 5:41:52 PM | SENT |
| Kathy Lowery | | klowery@dykema.com | 8/2/2023 5:41:52 PM | SENT |

# EXHIBIT
# 2

FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

## CITATION

To:   **QUINTAIROS PREITO WOOD & BOYER P.A.**
       **REGISTERED AGENT CT CORPORATION SYSTEM**
       **1999 BRYAN ST STE 900**
       **DALLAS TX  75201**

No.: **DC-23-10684**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **PROMED LLC**

Filed in said Court  **2nd day of August, 2023** against

**QUINTAIROS PREITO WOOD & BOYER P.A.**

For Suit, said suit being numbered **DC-23-10684,** the nature of which demand is as follows:
Suit on **OTHER CONTRACT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 8th day of August, 2023**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
    **ROHAN IYER**

**PROMED LLC**
**vs.**
**QUINTAIROS PREITO WOOD & BOYER P.A.**

**ISSUED**
**on this the 8th day of August, 2023**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ROHAN IYER**, Deputy

**Attorney for Plaintiff**
**ISRAEL RAMON SILVAS**
DYKEMA GOSSETT PLLC
1717 MAIN ST
STE 4200
DALLAS TX  75201
214-462-6400
ISilvas@dykema.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**OFFICER'S RETURN**

Cause No. DC-23-10684

Court No.: 162nd District Court

Style: PROMED LLC
vs.
QUINTAIROS PREITO WOOD & BOYER P.A.

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____, 20_____, by delivering to the within named _____ _____ each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____, 20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

# EXHIBIT
# 3

FILED
8/11/2023 4:20 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Harper Ream DEPUTY

**CAUSE NO. DC-23-10684**

| | | |
|---|---|---|
| **PROMED, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| **vs.** | § | **162ND JUDICIAL DISTRICT** |
| | § | |
| **QUINTAIROS, PRIETO, WOOD & BOYER,** | § | |
| **P.A.,** | § | |
| | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

## RETURN OF SERVICE

Came to my hand on **Wednesday, August 9, 2023 at 1:17 PM,**
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
at **2:15 PM,** on **Wednesday, August 9, 2023,**

by delivering to the within named:

### QUINTAIROS PREITO WOOD & BOYER P.A.

by delivering to its **Registered Agent, CT CORPORATION SYSTEM**
by delivering to its **Authorized Employee, TERRI THONGSAVAT**
a true copy of this

### CITATION and PLAINTIFF'S ORIGINAL PETITION

having first endorsed thereon the date of the delivery.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

**My name is Adil Tadli, my date of birth is May 13, 1967 and my business address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.**

Executed in Dallas County, State of Texas, on Thursday, August 10, 2023

By: _____

**Adil Tadli - PSC 1206 - Exp 05/31/24**
served@specialdelivery.com

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

## CITATION

To:   **QUINTAIROS PREITO WOOD & BOYER P.A.**
       **REGISTERED AGENT CT CORPORATION SYSTEM**
       **1999 BRYAN ST STE 900**
       **DALLAS TX 75201**

**No.: DC-23-10684**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Dallas, Texas 75202.

**PROMED LLC**
**vs.**
**QUINTAIROS PREITO WOOD & BOYER P.A.**

**ISSUED**
**on this the 8th day of August, 2023**

Said Plaintiff being **PROMED LLC**

Filed in said Court  **2nd day of August, 2023** against

**QUINTAIROS PREITO WOOD & BOYER P.A.**

For Suit, said suit being numbered **DC-23-10684,** the nature of which demand is as follows:
Suit on **OTHER CONTRACT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 8th day of August, 2023**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _____, Deputy
       **ROHAN IYER**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ROHAN IYER**, Deputy

**Attorney for Plaintiff**
**ISRAEL RAMON SILVAS**
**DYKEMA GOSSETT PLLC**
**1717 MAIN ST**
**STE 4200**
**DALLAS TX 75201**
**214-462-6400**
**ISilvas@dykema.com**
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



## OFFICER'S RETURN

Cause No. DC-23-10684

Court No.: 162nd District Court

Style: PROMED LLC
vs.
QUINTAIROS PREITO WOOD & BOYER P.A.

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:    To certify which witness my hand.

|  |  |  |  |  |
|---|---|---|---|---|
| For serving Citation | $_____ | _____ | | |
| For mileage | $_____ | of_____ County, _____ | | |
| For Notary | $_____ | By_____ Deputy | | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

# EXHIBIT
# 4

FILED
9/5/2023 11:47 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kellie Juricek DEPUTY

Case 3:23-cv-02023-D     Document 1-2     Filed 09/08/23     Page 19 of 34     PageID 28

CAUSE NO. DC-23-10684

| | | |
|---|---|---|
| **PROMED, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **162ND JUDICIAL DISTRICT** |
| | § | |
| **QUINTAIROS PRIETO WOOD &** | § | |
| **BOYER, P.A** | § | |
| | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT'S SPECIAL APPEARANCE AND ANSWER SUBJECT THERETO

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Defendant Quintairos Prieto Wood & Boyer, P.A. ("QPWB" or "Defendant") in the above-referenced cause, and files this its Special Appearance and Answer Subject Thereto, and would respectfully show the Court the following:

## I.     SPECIAL APPEARANCE

**A.     Introduction.**

On or about August 2, 2023, Plaintiff filed this breach of contract suit against Defendant seeking to recover  damages resulting from QPWB's serving as an escrow agent/intermediary between two nonparties. Plaintiff acquired its cause of action by way of a purported assignment from one of those nonparties. ("Suit").  Putting aside the merits of Plaintiff's Suit, the Court should dismiss the claims asserted against Defendant QPWB for lack of personal jurisdiction.  QPWB is a foreign professional association, with its principal place of business in Florida.   *See* Plaintiff's Suit.

On or about July 16, 2020, QPWB agreed to serve as an intermediary/escrow agent between Luxe Development Corp, LLC, Plaintiff's designated agent for the purpose of acquiring

personal protective equipment, and ProVantage Healthcare Solutions, Inc., the nonparty manufacturer's designated agent ("Seller's agent"). Plaintiff, as a result of its not receiving certain product, sued its agent Luxe Development and its principal, Michelle Ruelet. Buyer's agent was, and remains, located in Houston, Texas. Seller's agent was, and is believed to still remain, located in Alabama. The escrow agreement was signed by QPWB's Chief Financial Officer, Alan Brenner, who was and remains a remains a resident of Florida. As a result of Plaintiff's first suit as to Buyer's Agent, Plaintiff purportedly took by assignment whatever claims Buyer's Agent may have allegedly had as to QPWB. As set forth herein and below, there is no factual basis to support and maintain Plaintiff's suit here. QPWB therefore requests that the Court dismiss the claims against it for lack of personal jurisdiction as there is neither a valid document giving rise to specific jurisdiction nor sufficient contacts giving rise to general jurisdiction.

**B.    Argument.**

"A nonresident defendant is subject to the personal jurisdiction of Texas courts if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction does not violate federal and state constitutional due process guarantees." *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 657 (Tex. 2010). Under this test, the inquiry is whether the nonresident defendant has established minimum contacts with the forum state such that "the exercise of jurisdiction comports with traditional notions of fair play and substantial justice." *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "A defendant establishes minimum contacts with a state when it purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338 (Tex. 2009).

The plaintiff "bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of Texas's long-arm statute." *Kelly*, 301 S.W.3d at 658. It then becomes the defendant's burden to negate the bases for jurisdiction that the plaintiff alleged in its pleading. *Id.* Here, there is no basis for personal jurisdiction over Adams as his obligations under the original guaranty were extinguished and/or released and the Court should grant his Special Appearance and dismiss him from the case.

## C.    Defendant QPWB is not a Texas resident.

Plaintiff's only jurisdictional allegation in its Suit is that "QPWB is a professional association duly formed and existing under the laws of the State of Florida and that citation may be served on its registered agent in Dallas". See Plaintiff's Suit at Sec. 3. No alleged actions or inactions on the part of QPWB as it relates to the allegations took place in Texas or this specific jurisdiction. Because QPWB has controverted the sole jurisdictional allegation in the Suit, the Court must dismiss Plaintiff's claims against QPWB for lack of personal jurisdiction. *See Siskind v. Villa Found. for Educ., Inc.*, 642 S.W.2d 434, 438 (Tex. 1982). As the Supreme Court explained in *Kelly*, "the defendant's . . . burden to negate jurisdiction is tied to the allegations in the plaintiff's pleading." 301 S.W.3d at 658. Thus, "[i]f the plaintiff fails to plead facts bringing the defendant within reach of the long-arm statute (i.e., for a tort claim, that the defendant committed tortious acts in Texas), the defendant need only prove that it does not live in Texas to negate jurisdiction." *Id.* at 658-59.

## D.    There is no other basis for this Court to exercise jurisdiction over QPWB.

Because QPWB is a non-resident, Plaintiff was required to allege facts establishing either general jurisdiction or specific jurisdiction over it. Plaintiff failed to do so, and the evidence demonstrates that there is no support for hailing QPWB into a Texas court.

First, there is no specific jurisdiction over QPWB.  "Specific jurisdiction is established if the defendant's alleged liability arises from or is related to an activity conducted in the forum." *Moki Mac*, 221 S.W.3d at 576 (citation and internal alterations omitted).  Specific jurisdiction exists only when (1) the defendant has minimum contacts with the state, ***and*** (2) his alleged liability arises from those contacts.  *Id.*  This typically means that the defendant must commit a tort in Texas in order to be subject to specific jurisdiction in the state.  *See Kelly*, 301 S.W.3d at 658-59.  Here, these elements can never be established.  The escrow agreement was executed by QPWB in Florida, the alleged actions took place in Florida and QPWB maintains the accounts that held the funds in Florida.  *Id.*    There simply is no basis to maintain the suit here as to QPWB.

 General jurisdiction requires the plaintiff to establish that "the defendant has made continuous and systematic contacts with the forum."  *Moki Mac*, 221 S.W.3d at 575.  "General jurisdiction requires a showing that the defendant conducted substantial activities within the forum, a more demanding minimum contacts analysis than for specific jurisdiction."  *CSR Ltd. v. Link*, 925 S.W.2d 591, 595 (Tex. 1996).  Again, Plaintiff has failed to allege any contacts with the State of Texas as it pertains to the breach of contract claim , taken by assignment, , let alone sufficient contacts to support a finding of general jurisdiction.  Based on these facts and the lack of same as alleged by Plaintiff, the Court lacks general jurisdiction over QPWB.  *See, e.g.*, *CSR Ltd.*, 925 S.W.2d at 595.

For the foregoing reasons,  QPWB respectfully requests that the Court grant this Special Appearance and dismiss the claims against  it with prejudice for lack of jurisdiction.   QPWB further requests all additional relief to which it is entitled.

## II.    <u>GENERAL DENIAL</u>

Defendant denies each and every allegation contained in Plaintiff's Petition and any amendment thereto and demands strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

## III.    <u>AFFIRMATIVE DEFENSES</u>

1.    **<u>Acts of Third Parties.</u>**  By way of affirmative defense, and if same be necessary, Defendant pleads that Defendant is not liable for said injuries, damages or liabilities of which Plaintiff complains, as said injuries, damages, or liabilities, if any exist, were not caused by any act or omission of the Defendant but rather were caused by the negligence, breach, actions (or inactions),  or criminal acts of third parties named herein including Plaintiff,  Co-defendants or otherwise unknown.

2.    **<u>Acts of Plaintiff.</u>**  By way of affirmative defense, and if same be necessary, Defendant pleads that Defendant is not liable for said injuries, damages or liabilities of which Plaintiff complains, as said injuries, damages, or liabilities, if any exist, were not caused by any act or omission of the Defendant but rather were caused by the negligence and/or breach of contract or action (or inaction) of Plaintiff.

3.    **<u>Contractual Limitations.</u>**    By way of affirmative defense, and if same be necessary, Defendant pleads that Defendant is not liable for said injuries, damages or liabilities of which Plaintiff complains, as said injuries, damages, or liabilities, if any exist, are barred by the language of the contract upon which Plaintiff has based its claim.

4.    **<u>Laches</u>**.  By way of affirmative defense, and if same be necessary, Defendant pleads that Defendant is not liable for said injuries, damages or liabilities of which Plaintiff

complains, as said injuries, damages, or liabilities, if any exist, were the result of laches on the part of Plaintiff.

5.    **Failure to Mitigate.**    By way of affirmative defense, and if same be necessary, Defendant pleads that Defendant is not liable for said injuries, damages or liabilities of which Plaintiff complains, as said injuries, damages, or liabilities, if any exist, were the result of Plaintiff's failure to mitigate damages.

6.    **Statute of Limitations.**    By way of affirmative defense, and if same be necessary, Defendant pleads that Defendant is not liable for said injuries, damages or liabilities of which Plaintiff complains, as said injuries, damages, or liabilities, if any exist, are barred under the applicable statute of limitations.

7.    **Standing.**    By way of affirmative defense, and if same be necessary, Defendant pleads that Defendant is not liable for said injuries, damages or liabilities of which Plaintiff complains, as said injuries, damages, or liabilities, if any exist, are barred due to Plaintiff's lack of standing to allege a cause of action upon which recovery is alleged.

8.    **Waiver/Release.**    By way of affirmative defense, and if same be necessary, Defendant pleads that Defendant is not liable for said injuries, damages or liabilities of which Plaintiff complains, as said injuries, damages, or liabilities, if any exist, are barred as Plaintiffs have contractually waived and/or released said claims.

9.    **Conversion Defenses.**    By way of affirmative defense, and if same be necessary, Defendant pleads that Defendant is not liable for said injuries, damages or liabilities of which Plaintiff complains, as said injuries, damages, or liabilities, if any exist, are barred due to abandonment, authority of law, consent and/or approval of Plaintiffs, interest of Defendant, contractual obligations/agreements, privilege, waiver, ratification and estoppel.

10.    <u>**Ratification**</u>.  By way of affirmative defense, and if same be necessary, Defendant pleads that Defendant is not liable for said injuries, damages or liabilities of which Plaintiff complains, as said injuries, damages, or liabilities, if any exist, are barred due to ratification on the part of Plaintiff.

Defendant reserves the right to supplement this section as discovery is ongoing.

## IV.  <u>JURY DEMAND</u>

Defendant, by and through its undersigned counsel, and pursuant to TEX. R. CIV. P. 216, demands a trial by jury.

## V.  <u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that its special appearance be granted, Plaintiff takes nothing by way of its cause of action herein, that Defendant recover its costs, including attorney's fees herein expended and for such other and further relief, at law or in equity, to which Defendant may show itself justly entitled to receive.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By:    */s/ Brent W. Martinelli*
       **FRANK ALVAREZ**
       State Bar No. 00796122
       **BRENT W. MARTINELLI**
       State Bar No. 24037037

1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
Telephone: (214)754-8755
Facsimile:  (214)754-8744
Email: frank.alvarez@qpwblaw.com
Email: brent.martinelli@qpwblaw.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 5Th day of September 2023, a true and correct copy of the foregoing document was served in compliance with the Texas Rules of Civil Procedure upon the following counsel of record via the e-filing system.

Israel Silvas
Isilvas@dykema.com
Cliff Riley
Criley@dykema.com
Dykema Gossett PLLC
1717 Main Street, Suite 4200
Dallas, Texas 75201


/s/ *Brent W. Martinelli*
**BRENT W. MARTINELLI**

**<u>Declaration</u>**

Pursuant to the TRCP, I declare that my name is Alan Brenner. I am the Chief Financial Officer of QPWB and I have read the foregoing Special Appearance and Answer Subject Thereto and based upon my personal review of the pleading, I can declare under penalty of perjury that the all factual statements contained in this pleading are based upon my knowledge and/or personal review from records, and such statements are true and correct.


_____
**Alan Brenner**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 79206464
Filing Code Description: Original Answer - General Denial
Filing Description: & SPECIAL APPEARANCE
Status as of 9/5/2023 12:14 PM CST

Associated Case Party: PROMED LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cliff PRiley | | criley@dykema.com | 9/5/2023 11:47:11 AM | SENT |
| Israel Silvas | | isilvas@dykema.com | 9/5/2023 11:47:11 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kathy Lowery | | klowery@dykema.com | 9/5/2023 11:47:11 AM | SENT |
| Keanna Wiggins | | KWiggins@dykema.com | 9/5/2023 11:47:11 AM | SENT |

Associated Case Party: QUINTAIROS PREITO WOOD & BOYER P.A.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colby Dutton | | colby.dutton@qpwblaw.com | 9/5/2023 11:47:11 AM | SENT |
| Frank Alvarez | | frank.alvarez@qpwblaw.com | 9/5/2023 11:47:11 AM | SENT |
| Brent Martinelli | | brent.martinelli@qpwblaw.com | 9/5/2023 11:47:11 AM | SENT |

# EXHIBIT
# 5



IN THE 162ND JUDICIAL DISTRICT COURT
OF DALLAS COUNTY

9/7/2023

ISRAEL RAMON SILVAS
DYKEMA GOSSETT PLLC
1717 MAIN ST
STE 4200
DALLAS TX  75201

**NOTICE OF SCHEDULING CONFERENCE HEARING**

CAUSE NO. DC-23-10684

| PROMED LLC | In the District Court |
| vs. | of Dallas County, Texas |
| QUINTAIROS PREITO WOOD & BOYER P.A. | 162nd Judicial District |

All counsel/pro se litigants are ORDERED to appear for a scheduling conference hearing on **11/03/2023 at 10:00 a.m.** in the 162nd Judicial District Court, 600 Commerce Street, 7th Floor, Dallas, Texas 75205.

All counsel/pro se litigants are ORDERED to confer prior to the scheduling conference on a trial setting, mediator, and scheduling deadlines for the case.

***The Court prefers that the parties/attorneys submit an agreed scheduling order, at least three business days in advance of the scheduling conference hearing.  The agreed scheduling order should contain an agreed trial setting and mediator, at a minimum.***

The trial setting must be on a Tuesday, not a holiday, and must be in the following range:
  Level 1: 6-10 months out from the date of initial filing of the case.
  Level 2: 12-15 months out from the date of initial filing of the case.
  Level 3: 15-20 months out from the date of initial filing of the case.

**<u>The hearing WILL be cancelled if the parties file an agreed scheduling order</u>**. If you are unable to reach an agreement, then the Court will consider proposed scheduling orders at the scheduling conference and appoint a mediator from the court's wheel.

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Tex. R. Civ. P. 165a and the Court's inherent power.

Sincerely,

Hon. Ashley Wysocki
Presiding Judge

# EXHIBIT
# 6



IN THE 162ND JUDICIAL DISTRICT COURT
OF DALLAS COUNTY

9/7/2023

BRENT WILLIAM MARTINELLI
1700 Pacific Ave Suite 4545
Dallas TX  75201

## NOTICE OF SCHEDULING CONFERENCE HEARING

CAUSE NO. DC-23-10684

| | |
|---|---|
| PROMED LLC | In the District Court |
| vs. | of Dallas County, Texas |
| QUINTAIROS PREITO WOOD & BOYER P.A. | 162nd Judicial District |

All counsel/pro se litigants are ORDERED to appear for a scheduling conference hearing on **11/03/2023 at 10:00 a.m.** in the 162nd Judicial District Court, 600 Commerce Street, 7th Floor, Dallas, Texas 75205.

All counsel/pro se litigants are ORDERED to confer prior to the scheduling conference on a trial setting, mediator, and scheduling deadlines for the case.

***The Court prefers that the parties/attorneys submit an agreed scheduling order, at least three business days in advance of the scheduling conference hearing.  The agreed scheduling order should contain an agreed trial setting and mediator, at a minimum.***

The trial setting must be on a Tuesday, not a holiday, and must be in the following range:
   Level 1: 6-10 months out from the date of initial filing of the case.
   Level 2: 12-15 months out from the date of initial filing of the case.
   Level 3: 15-20 months out from the date of initial filing of the case.

**The hearing WILL be cancelled if the parties file an agreed scheduling order**. If you are unable to reach an agreement, then the Court will consider proposed scheduling orders at the scheduling conference and appoint a mediator from the court's wheel.

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Tex. R. Civ. P. 165a and the Court's inherent power.

Sincerely,

Hon. Ashley Wysocki
Presiding Judge

# EXHIBIT 7



IN THE 162ND JUDICIAL DISTRICT COURT
OF DALLAS COUNTY

9/7/2023

File Copy

## NOTICE OF SCHEDULING CONFERENCE HEARING

CAUSE NO. DC-23-10684

| PROMED LLC | | In the District Court |
|---|---|---|
| vs. | | of Dallas County, Texas |
| QUINTAIROS PREITO WOOD & BOYER P.A. | | 162nd Judicial District |

All counsel/pro se litigants are ORDERED to appear for a scheduling conference hearing on **11/03/2023 at 10:00 a.m.** in the 162nd Judicial District Court, 600 Commerce Street, 7th Floor, Dallas, Texas 75205.

All counsel/pro se litigants are ORDERED to confer prior to the scheduling conference on a trial setting, mediator, and scheduling deadlines for the case.

***The Court prefers that the parties/attorneys submit an agreed scheduling order, at least three business days in advance of the scheduling conference hearing. The agreed scheduling order should contain an agreed trial setting and mediator, at a minimum.***

The trial setting must be on a Tuesday, not a holiday, and must be in the following range:
      Level 1: 6-10 months out from the date of initial filing of the case.
      Level 2: 12-15 months out from the date of initial filing of the case.
      Level 3: 15-20 months out from the date of initial filing of the case.

**The hearing WILL be cancelled if the parties file an agreed scheduling order**. If you are unable to reach an agreement, then the Court will consider proposed scheduling orders at the scheduling conference and appoint a mediator from the court's wheel.

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Tex. R. Civ. P. 165a and the Court's inherent power.

Sincerely,

Hon. Ashley Wysocki
Presiding Judge