IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PROMED, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>QUINTAIROS PRIETO WOOD & BOYER PA,<br><br>     Defendant. | CIVIL ACTION NO.: 3:23-CV-2023-D |

**PROPOSED JURY INSTRUCTIONS AND QUESTIONS**

Plaintiff ProMED, LLC ("ProMED") hereby submits its Proposed Jury Instructions and Questions. ProMED reserves the right to alter, amend, add, or delete these instructions as necessary or appropriate to conform to the evidence and ultimate issues at trial.

# I. <u>PROPOSED JURY INSTRUCTIONS</u>

## JURY INSTRUCTION NO. 1

**PRELIMINARY INSTRUCTIONS**

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this

country and you will have done an injustice. It is very important that you abide by these

rules. Failure to follow these instructions could result in the case having to be retried.

**Source: Adopted from the United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2020) Preliminary Instructions §1.1 (Instructions for Beginning of Trial).**

# JURY INSTRUCTION NO. 2

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers

and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

After the opening statements, the plaintiffs will present their case through witness testimony and documentary or other evidence. Next, the defendants will have an opportunity to present their case. The plaintiffs may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.

It is now time for the opening statements.

**Source: Adopted from the United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2020) §1.2 (Preliminary Instructions to Jury).**

## JURY INSTURCTION NO. 3

**FIRST RECESS**

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.


**Source: Adopted from the United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2020) §2.1 (First Recess).**

# JURY INSTRUCTION NO. 4

## GENERAL INSTRUCTIONS FOR THE CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish be- tween the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the

law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Source: Adopted from the United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2020) §3.1 (General Instructions for Charge).**

# JURY INSTRUCTION NO. 5

## THE PARTIES TO THIS CASE, DEFINED TERMS, AND STIPULATED FACTS

1. "**ProMED**" refers to the Plaintiff ProMED, LLC.

2. "**QPWB**" refers to Defendant Quintairos Prieto Wood & Boyer P.C.

3. "**Luxe**" refers to non-party Luxe Development LLC.

4. "**ProVantage**" refers to non-party ProVantage Healthcare Solutions Inc.

5. The "**Escrow Agreement**" refers to the Escrow Agreement dated July 16, 2020 between ProVantage, Luxe, and QPWB.

6. "**Escrow Funds**" are the monies deposited by Luxe to be held by QPWB for the purchase of nitrile gloves from ProVantage.

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The Parties have stipulated to the following facts:

1. Luxe and ProVantage had an agreement for Luxe to buy nitrile gloves from ProVantage.

2. The agreement between Luxe and ProVantage provided that, for any given shipment of gloves, Luxe would pay ProVantage the final payment after receipt of the Bill of Ladding and SGS (inspection certificate).

3. Luxe and ProVantage agreed to utilize an escrow agent for the transfer of purchase funds from Luxe to ProVantage as glove shipments were delivered.

4. QPWB agreed to be the escrow agent for Luxe and ProVantage.

5. QPWB, Luxe, and ProVantage signed an agreement, the Escrow Agreement, outlining the duties of QPWB as escrow agent.

6. Under the Escrow Agreement, QPWB agreed to hold the Escrow Funds in a segregated bank account.

7. The Escrow Agreement required QPWB to hold the Escrow Funds deposited by Luxe until QPWB received consistent written instructions from both

        ProVantage and Luxe to release the funds, at which time QPWB was permitted to disburse the Escrow Funds.

8. The Escrow Agreement permitted QPWB to release the Escrow Funds upon request by just one of the parties only if QPWB notified both Luxe and ProVantage that it intended to make such a disbursement and permitted the parties twelve (12) hours to object to the disbursement before transferring any funds.

9. The Escrow Agreement says that nothing in the agreement can be read to lessen the rights of any party to the agreement.

10. QPWB wired $950,000 from the escrow account in five transactions.

11. Luxe never authorized any payment of the Escrow Funds.

12. QPWB never gave Luxe notice and an opportunity to object to any disbursement of the Escrow Funds.

13. Luxe never received the nitrile gloves that were the subject of its contract with ProVantage.

14. ProMED acquired Luxe's claim for breach of contract from Luxe, which means that ProMED has the legal right to pursue this lawsuit in Luxe's place.

**Source: Adopted from the United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2020) §2.3 (Stipulation of Facts).**

    **GRANTED _____**
    **DENIED _____**
    **MODIFIED AS FOLLOWS:**

# JURY INSTRUCTION NO. 6

# BREACH OF CONTRACT: INTRODUCTION

Plaintiff ProMED says that non-parties Luxe, ProVantage, and Defendant QPWB entered into a contract for QPWB to serve as escrow agent for a sale of nitrile gloves from ProVantage to Luxe.

ProMED says that QPWB breached or broke this contract by disbursing Escrow Funds without authorization or without notifying Luxe and affording Luxe an opportunity to object.

QPWB denies that it breached the Escrow Agreement.

**Source: Adopted from Alabama Pattern Jury Instructions - Civil §11.00 (Contracts, Introduction).**

    **GRANTED** _____
    **DENIED** _____
    **MODIFIED AS FOLLOWS:**

# JURY INSTRUCTION NO. 7

## ACTION FOR BREACH: ELEMENTS

A contract is breached or broken when a party does not do what it promised to do in the contract. To recover damages from QPWB for breach of contract, ProMED must prove to your reasonable satisfaction from the evidence all of the following:

1. That Luxe and QPWB entered into a contract;

2. That Luxe did the things that the contract required it to do;

3. That QPWB failed to do something that the contract required it to do by either willful default or gross negligence; and

4. That Luxe was harmed by that failure.

"Willful default" means a conscious or intentional failure to act, as opposed to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct.

"Gross negligence" means the intentional failure to perform a manifested duty in reckless disregard of the consequences as affecting the life and property of another.

If ProMED proves all these things, you must find for it, and then you must decide how much money will reasonably compensate ProMED.

If ProMED does not prove all these things, you must find for QPWB.

**Source: Adopted from Alabama Pattern Jury Instructions - Civil §11.13 (Contracts, Action for Breach—Elements) (modified);** *Ace Am. Ins. Co. v. Rouse's Enters., LLC*, **280 So. 3d 402, 404 (Ala. 2018) (definition of willful default);** *Schaeffer v. Poellnitz*, **154 So. 3d 979, 986 (Ala. 2014) (definition of gross negligence).**

    **GRANTED _____**
    **DENIED _____**
    **MODIFIED AS FOLLOWS:**

# JURY INSTRUCTION NO. 8

## BREACH OF CONTRACT: DAMAGES

If you decide that plaintiff ProMED proved its claim against defendant QPWB for breach of contract, you also must decide how much money will fairly and reasonably compensate ProMED for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put ProMED in as good a position as it would have been in if QPWB had not broken the contract.

**Source: Adopted from Alabama Pattern Jury Instructions - Civil §11.36 (Contracts, Damages—General Rule).**


    **GRANTED** _____
    **DENIED** _____
    **MODIFIED AS FOLLOWS:**

# JURY INSTRUCTION NO. 11

## VERDICT FORM: INTRODUCTION

Ladies and gentlemen of the Jury, I have prepared verdict forms for your use and will explain the forms to you. You will not infer anything from the order in which I read the options on the forms. When you have reached a verdict, you will complete the corresponding verdict form, and the foreperson will sign the verdict form. All twelve of you must agree on any verdict.

**Source: Adopted from Alabama Pattern Jury Instructions - Civil §11.00 (Contracts, Introduction).**

    **GRANTED _____**
    **DENIED _____**
    **MODIFIED AS FOLLOWS:**

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| PROMED, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>QUINTAIROS PRIETO WOOD & BOYER PA,<br><br>    Defendant. | CIVIL ACTION NO.: 3:23-CV-2023-D |

    If, after a full and fair consideration of all the evidence you find for the plaintiff, use this verdict form:

    We, the jury, find for the plaintiff and against the defendant and award the plaintiff compensatory damages in the amount of _____ dollars ($_____).

_____
**Foreperson**

Fill in the appropriate blank space(s) for damages in words and figures.

**Source: Adopted from Alabama Pattern Jury Instructions - Civil §24.03 (On Plaintiff-One Defendant (No Counterclaim))**

    **GRANTED _____**
    **DENIED _____**
    **MODIFIED AS FOLLOWS:**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| PROMED, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>QUINTAIROS PRIETO WOOD & BOYER PA,<br><br>　　　Defendant. | CIVIL ACTION NO.: 3:23-CV-2023-D |

If, after a full and fair consideration of all the evidence, you find for the defendant, use this verdict form:

We, the jury, find for the defendant and against the plaintiff.

　　_____
　　**Foreperson**


**Source: Adopted from Alabama Pattern Jury Instructions - Civil §24.03 (On Plaintiff-One Defendant (No Counterclaim))**


　　**GRANTED _____**
　　**DENIED _____**
　　**MODIFIED AS FOLLOWS:**

Dated: March 10, 2025

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Israel R. Silvas*
    Israel R. Silvas
    State Bar No. 24051338
    ISilvas@dykema.com
    Maria McIntyre
    State Bar No. 24121003
    MMcIntyre@dykema.com
    **DYKEMA GOSSETT PLLC**
    Comerica Bank Tower
    1717 Main Street, Suite 4200
    Dallas, Texas 75201
    Telephone: (214) 698-7812
    Facsimile:  (214) 698-4200

    **ATTORNEYS FOR PLAINTIFF PROMED, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record on March 10, 2025, in compliance with the Federal Rules of Civil Procedure.

*/s/ Israel R. Silvas*
Israel R. Silvas